JOHN M. SULLIVAN ET AL. *vs.* SAMUEL M. GRUSKIN.

MALTBIE, C. J., HAINES, BANKS, AVERY and CORNELL, Js.

Argued June 14th—decided July 26th, 1932.

*Lucio DeBiasi,* for the appellant (defendant).

*George H. Gilman,* for the appellees (plaintiffs).

PER CURIAM. On March 1st, 1929, the plaintiffs and the defendant owned adjoining lots in New Lon-

don. The complaint alleges that on or about that date the defendant erected a stone wall on the plaintiffs' lot and cast dirt and stones on it, upon their garden, destroying the grass, growing plants and herbage thereon. The plaintiffs recovered a verdict for $250. In 1929 the defendant concededly contracted to have a house erected on his land and in the course of the work a considerable quantity of rocks was removed from the cellar and placed in the back of the lot. There was evidence that some of these rolled down upon the plaintiffs' premises. The defendant built a stone wall along the boundary and there was evidence that this also was done in the spring of 1929 and that it encroached upon the plaintiffs' land. He caused a considerable amount of dirt to be brought upon the premises and the jury might have found that a large part of this was used to cover the rocks in levelling the rear of his premises and that some of this dirt was washed through the rocks and wall onto the plaintiffs' lot, preventing them from thereafter maintaining a garden as they had done in previous years.

The defendant contends that any wrongs done to the plaintiffs were done in the course of the performance of contracts he had made to erect the building and build the wall and that they were therefore the torts of an independent contractor, for which he would not be liable. Whether the defendant would be liable on account of the stones rolling onto the plaintiffs' premises as the result of the excavation of the cellar or for the encroachment upon their land by the wall is not now of consequence. No damages from these wrongs were shown and so they would in any event not have justified a verdict for more than nominal damages. There is no evidence that the levelling of the rear of the defendant's lot and spreading of the dirt upon it was done by an independent contractor

and for any damage to the plaintiffs' premises due to the washing of the dirt through the rocks onto them the defendant would be liable. *Spoo* v. *Garvin*, 236 Ky. 113, 117, 32 S. W. (2d) 715; and see *Tide Water Oil Sales Corporation* v. *Shimelman*, 114 Conn. 182, 188, 158 Atl. 229. The jury might have found that sufficient sand and dirt washed onto the plaintiffs' garden in 1929 to prevent them from utilizing it that year or the two succeeding summers before the bringing of the action. There was evidence that previous to 1929 the plaintiffs supplied their table with vegetables from June to Christmas each year and that, lacking this supply, they bought vegetables, costing them $3 to $4 a week. The loss so occasioned would be special damages properly recoverable. *Barnes* v. *Berendes*, 139 Cal. 32, 37, 69 Pac. 491, 72 id. 406. This evidence would justify the amount of the verdict.

There is no error.